Strevel *v.* Hempstead.

New trial granted.

[ALBANY GENERAL TERM, September 19, 1865.    *Hogeboom, Miller* and *Ingalls*, Justices.]

———— • ❊• ————

## STREVEL *vs.* HEMPSTEAD.

In an action to recover damages for breach of a warranty in the exchange of a horse by the plaintiff, for a yoke of cattle owned by the defendant, a witness was asked, " What was the character of the cattle, orderly or disorderly?" *Held* that the question called for the *opinion* of the witness as to a matter which could not properly be established by that species of evidence, and that the justice erred in allowing it to be answered.

There is no rule of evidence which authorizes proof of the character of animals, in that manner. The court, or jury, must form their conclusions from the proof of facts, and not from the opinion of witnesses.

APPEAL from a judgment of a county court, affirming the judgment of a justice of the peace rendered in favor of the plaintiff and against the defendant, on the 12th day of February, 1862, for $35 damages, and $5 costs. The question raised, so far as material, appears in the opinion.

Strevel *v.* Hempstead.

*Ira Shafer,* for the appellant and defendant.

*O. M. Hungerford,* for the respondent and plaintiff.

*By the Court,* MILLER, J. This action was brought to recover damages for a breach of a warranty in the exchange of a horse by the plaintiff for a yoke of cattle owned by the defendant. Upon the trial of the cause before the justice, one of the plaintiff's witnesses testified that the second night after the cattle were in the possession of the plaintiff, he found one of the oxen hanging in the fence; that he went to the house and told the plaintiff, returned again, and found that the ox had got off the fence, and both of them were in the road; that they were out again, several times during the summer and fall. The plaintiff then put the following question to the witness, "What was the character of those cattle, orderly or disorderly?" The defendant objected to the question upon the ground that the witness must state facts and not conclusions, and leave the conclusions to the court. The objection was overruled, the defendant excepted, and the witness answered, "I call them disorderly."

It will be noticed that before this question was put, the witness had testified to acts done by the cattle, which tended to establish that they were not according to the warranty alleged to have been made by the defendant, and the question objected to embraced his conclusion as to the character of the cattle, whether they were orderly or disorderly. I think the question was improper and should have been excluded. The plaintiff had no right to prove the conclusions of the witness as to the character of the cattle. While it was proper to show facts which established that the cattle were disorderly, the opinion of the witness was clearly inadmissible upon that subject. In this respect the witness was not an expert, nor was a case made out within the rule allowing the introduction of testimony of this character. It was for the court, and not the witness, to form conclusions from the

Strevel *v.* Hempstead.

facts adduced. The plaintiff did not, by the question put, propose to prove any additional facts besides those testified to by him, as to the cattle being orderly or disorderly. If he had desired to do so, the direct question whether the cattle were orderly or disorderly would have elicited all the facts within the knowledge of the witness not already in evidence.

Independent of any facts showing the conduct of the cattle, and their acts, it was not competent to show the character of the cattle. There is no rule of evidence which authorizes proof of the character of animals, in this manner. The court, or the jury where one is impanelled, must form their conclusions from the proof of facts, and not from the opinion of witnesses.

The question put clearly called for the opinion of the witness as to a matter which could not properly be established by that species of evidence, and the justice erred in admitting the testimony.

As the judgment must be reversed, for the error referred to, it is not important to discuss the other questions raised.

The judgment of the justice, and that of the county court, reversed, with costs.

[ALBANY GENERAL TERM, May 2, 1864. *Peckham, Miller* and *Ingalls,* Justices.]